## HENRY H. SHUFELDT ET AL.
### v.
## WATTS S. CARVER, EX'R.

1. INSURANCE—INDIVIDUAL LIABILITY OF STOCKHOLDER.—The words "trustees and corporators" as used in the sixteenth section of the act of March 11, 1861, to incorporate and govern fire, marine and inland insurance companies, making such trustees and corporators severally liable for all debts or responsibilities of such company, to the amount by him or them subscribed, include stockholders of such company.

2. CONSTITUTIONAL LAW—RIGHTS UNDER SPECIAL CHARTER.—Athough no power of amendment was reserved in the charter in this case, yet it is within the power of the General Assembly, after granting such charter, to impose such a liability by subsequent legislation.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed May 4, 1881.

This was an action of debt, brought by Henry H. Shufeldt et al., creditors of the Great Western Insurance Company,

against Benjamin Carver, a stockholder in said company, to recover for him an amount equal to the amount of his stock in the company, upon an alleged individual liability as a stockholder. During the pendency of the suit, the original defendant died, and the action was thereupon revived against Watts S. Carver, his executor.

The facts, which are all admitted by stipulation, are briefly as follows: The plaintiffs held a policy of insurance against fire for $2,500, running from August, 1871, to August, 1872, issued to them by said company, under which they sustained a total loss, October 9, 1871, thereby becoming creditors of the company to that amount. On the 6th day of February, 1872, said company was adjudicated a bankrupt, in the District Court of the United States for the Northern District of Illinois, and in the bankruptcy proceedings, the plaintiff's claim was proved and allowed, and subsequently, dividends to the amount of $400 were paid thereon by the assignee.

Said company was incorporated by a special act of the General Assembly of Illinois, approved February 4, 1857, and was organized prior to January 1, 1870. No provision was contained in said act of incorporation imposing upon the stockholders in the company any individual liability to the creditors of the company, nor did it contain any reservation of power in the General Assembly to make subsequent amendments thereto.

Benjamin Carver became a stockholder in the company January 21, 1870, a certificate for fifty shares of $100 each in its capital stock having been issued to him that day. At that time he paid on this stock twenty per cent. or $1,000, and after the bankruptcy of the company and before the commencement of this suit, he paid the balance due on said stock, with interest, to the assignee in bankruptcy.

On or about the 23d day of August, 1870, the company proceeded to increase its capital stock, under and in the compliance with the provisions of the eighteenth section of the act of the General Assembly, entitled, " An act to incorporate and govern fire, marine, and inland navigation insurance companies doing business in the State of Illinois," approved March 11, 1879, and did so increase its capital stock, and issued portions

of said increased stock; but said Benjamin Carver had no knowledge of and took no part in said proceedings for the increase of said capital stock, and never ratified or confirmed the same in any way, unless he did so by being a stockholder of said company.

The whole amount of the original stock of said company has never been paid in, nor has any certificate thereof been recorded, nor has the whole amount of the increased capital stock been paid in or any certificate thereof recorded. Said corporation continued to transact the business of fire insurance after said 23d day of August, 1870, and up to about the time of its adjudication of bankruptcy as aforesaid.

The case being submitted to the court for trial without a jury, it was held that upon the foregoing facts the plaintiffs were not entitled to recover, and judgment was accordingly rendered for the defendant.

Messrs. SHUFELDT & WESTOVER, for appellants; as to the liability of the stockholder, cited Constitution, 1848, Art. X; Act of March 11, 1869; Butler v. Walker, 80 Ill. 375; Tibbals v. Libby, 89 Ill. 26; Arenz v. Weir, 87 Ill. 142.

Mr. JOHN H. THOMPSON, for appellee, cited Tibbals v. Libby, 89 Ill. 26.

BAILEY, J.   The only question in this case is whether, under the facts admitted by the stipulation of counsel, the provisions of the sixteenth section of the "Act to incorporate and to govern fire, marine and inland navigation insurance companies doing business in the State of Illinois," approved March 11, 1869, applies to the Great Western Insurance Company and its stockholders.

That section provides that the trustees and corporators of any company organized under said act, "shall be severally liable for all debts or responsibilities of such company, to the amount by him or them subscribed, until the whole amount of the capital of such company shall have been paid in, and a certificate thereof recorded, as hereinbefore provided."

Section nineteen of the same act provides that, "all insur-

ance companies heretofore organized in the State of Illinois, and now doing business in this State, are hereby brought under all the provisions of this act, except that their capitals may continue of the amounts and character named in and authorized by their respective charters, during the existing term of such charters; and the investments of the capital and assets of such companies may remain the same as prescribed by their charters, anything in this act to the contrary notwithstanding; and such companies shall also be entitled to all the privileges and powers granted by said charters."

Our Supreme Court, in the recent case of Gulliver v. Roelle, not reported, has elaborately and exhaustively considered the two sections above cited, and held, that the words "trustees and corporators," in the sixteenth section, include stockholders, and that an exemption of stockholders from the liability imposed by that section, is not among the rights reserved to existing companies by the various exceptions contained in section nineteen.

A further question arises as to whether, so long as no power of amendment was reserved in the charter in this case, it was within the power of the General Assembly, after granting such charter, to impose such liability by any subsequent legislation. This question also has been fully considered by the Supreme Court and determined in the affirmative, in the recent case of Weidinger v. Spruance, not reported, it being there held that no constitutional right is impaired by imposing such liability. These questions then, are not open to debate in this court, but must be decided in accordance with the principles established by the cases above cited. It follows that under the admitted facts of this case the plaintiffs are entitled to recover, and that the judgment must therefore be reversed and the cause remanded.

Judgment reversed.